1  Mike Rodenbaugh
2  California Bar No. 179059
   Erin D. Vivion
3  California Bar No. 262599
   RODENBAUGH LAW
4  548 Market Street
   San Francisco, CA  94104
5  (415) 738-8087
6  info@rodenbaugh.com

7  Attorneys for Plaintiff Stanley Pace

8           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
9

10  STANLEY LORIN PACE, an individual ,        :    Case No.  **SACV12-858 CJC(PLAx)**

11            Plaintiff,                        :    **COMPLAINT FOR:**

12            vs.                               :    1.  Declaratory Judgment of no
                                                        Trademark Infringement;
13  AGIP LLC, a Delaware limited liability company,  :

14            Defendant.                        :    2.  Declaratory Judgment of no
                                                        Unfair Competition;
15                                              :    3.  Declaratory Judgment of no
                                                        violation of the
16  _____            :        Anticybersquatting
                                                        Consumer Protection Act;
17

18                                                  4.  Declaratory Judgment that
                                                        Plaintiff is rightful holder of
19                                                      <Ayoda.com> and
                                                        <Agoba.com> domain
20                                                      names;

21                                                  5.  Common Law Unfair
                                                        Competition; and
22
                                                    6.  Unfair Competition Under
23                                                      Cal. Bus. & Prof. Code Sec.
                                                        17200
24
                                                    **DEMAND FOR JURY
25                                                  TRIAL**
26

Complaint - 1                          **Rodenbaugh Law**
                                        548 Market Street
                                     San Francisco, CA 94104
                                          415.738.8087

## COMPLAINT AND DEMAND FOR JURY TRIAL

Stanley Lorin Pace ("Plaintiff"), by its attorneys, for its Complaint, alleges:

## NATURE OF ACTION

This action seeks a declaratory judgment that Plaintiff's registration and use of the domain names <Ayoda.com> and <Agoba.com> (hereinafter "the Domain Names") does not constitute trademark infringement, unfair competition, or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful registered name holder or registrant of the Domain Names. Plaintiff seeks to bar the transfer of the Domain Names to Defendant AGIP, LLC ("Defendant"). This action also seeks relief for Defendant's bad faith actions constituting common law unfair competition and unfair competition under California Business & Professions Code Sec. 17200, *et seq.*

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction concerning Plaintiff's rights in and to the Domain Names. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States. Pendent jurisdiction exists over the state law claim.

2. This Court has personal jurisdiction over Defendant because it has sufficient contacts with the State of California and this judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.

Complaint - 2

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1    Defendant has purposefully availed itself to this forum through general business

2    presence and by demanding that Plaintiff cease use of the Domain Names, using an

3    agent, CitizenHawk Inc. - a resident of this forum – to make such a demand and to

4    file a Uniform Domain-Name Dispute Resolution Policy ("UDRP") complaint

5    against Plaintiff, which could result in the transfer of the Domain Names to

6    Defendants if successful, and if such transfer is not prohibited by this Court.

7    3.  Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court

8        has personal jurisdiction over the Defendant and because Plaintiff's claims arise

9        from Defendant's activities within this District.

10

11                                    **THE PARTIES**

12   4.  Plaintiff is an individual residing in Texas.

13   5.

14   6.  Plaintiff invests in domain name property, and owns a portfolio of tens of thousands

15       of descriptive, generic, dictionary word, keyword and/or dictionary domain names.

16   7.  Plaintiff also owns more than ten thousand geographic domain names consisting of

17       city names throughout the world.

18   8.  Upon information and belief, Defendant AGIP LLC is a Delaware limited liability

19       company with its principal place of business at 800 Connecticut Avenue, Norwalk,

20       Connecticut 06854.

21   9.  Upon information and belief, Defendant is an online travel reservation service

22       company.

23                              **FACTUAL BACKGROUND**

24                                     Introduction

25   10. Domain Names are not simply Internet Protocol addresses that point and direct

26       Internet users to their desired destination, they are valuable pieces of property that

Complaint - 3                                    **Rodenbaugh Law**
                                                   548 Market Street
                                                 San Francisco, CA 94104
                                                     415.738.8087

many liken to the new "real estate" of our burgeoning virtual society. Domain name and website development is a legitimate and important industry. Plaintiff is a domain name property investor and developer.

11. Recently, many overreaching trademark owners have sought to capitalize on this thriving market by using weak marks to take advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and swipe valuable descriptive, generic, geographic, keyword and/or dictionary domain names away from their rightful owners. These abusive filings under ICANN's Uniform Dispute Resolution Policy ("UDRP") are threatening meaningful development of domain name and Internet investment and innovation.

12. Such is the situation that is before the Court in this Complaint. On May 8, 2012, Defendant filed a UDRP complaint against Plaintiff regarding the Domain Names. In the UDRP proceeding underlying this action, despite Plaintiff's legitimate registration and use of the Domain Names, Defendant alleges that Plaintiff has no rights or legitimate interests in the Domain Name and registered and used it in bad faith, in a manner likely to confuse consumers as to the source of Defendant's services. Defendant seeks an order from the National Arbitration Forum, directing the transfer of the Domain Names to Defendant, thus mandating the taking from Plaintiff of his rightful property.

13. If successful, under the provisions of the UDRP, the Domain Name would be transferred to Defendants ten business days from notification of the decision from WIPO to Plaintiff, unless Plaintiff files an action in Court to overturn the WIPO decision. If unsuccessful, or at any time, Defendant may sue Plainitiff for trademark infringement and under the ACPA in Federal court, legal action that Defendants

Complaint - 4

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1    specifically threatened in a cease and desist letter sent via its agent, CitizenHawk

2    Inc., on April 9th, 2012.

3                                              The Registration

4    14. Plaintiff registered the Domain Names in good faith in 2008.

5    15. Ayoda is a geographic location, a populated place, in the Republic of the Union of

6    Myanmar (Burma) and Agoba is a geographic location, a populated place, in the

7    Republic of the Sudan.  Plaintiff has continually owned and operated the Domain

8    Names for over five years, and in the case of <Agoba.com> for over seven years.

9    Prior to Plaintiff's ownership of this property, the Domain Names were owned by

10   third parties since 2005 and 2006  Thus Defendant had been unconcerned with the

11   registration of the Domain Names for *many years* before threatening Plaintiff with

12   legal action, and then filing the UDRP complaint that has led to this action.

13                                                  The Use

14   16. After registering the Domain Names, Plaintiff used them in connection with pay-per-

15   click advertising. Pay-per-click advertising is a widely accepted, good faith practice

16   when used in connection with legitimate descriptive, geographic, generic, dictionary

17   word, and keyword domain names and terms.

18   17. The registration and use of domains comprised of generic, geographic, descriptive,

19   keyword and/or dictionary terms is widely recognized as a good faith use.

20   18. Plaintiff did not register the Domain Names with the intent to sell them to Defendant

21   (and Plaintiff never offered to sell the Domain Names to Defendant), nor to disrupt

22   the Defendant's business nor to confuse consumers trying to find the Defendant's

23   website.

24   19. Plaintiff registered the Domain Names as part of his investment strategy to register

25   names that correspond to cities and populated areas geographically situated

26   anywhere in the world, in the .com TLD.  Plaintiff has registered more than ten

Complaint - 5

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1   thousand such city names as .com domain names, including the Domain Names.

2   Plaintiff has registered more than ten thousand city names around the world,

3   including dozens within the countries of Burma and Sudan, among several thousand

4   city names within the continents of Asia and Africa.

5                  The Weak Mark

6  20. The term "Agoda" is a generic geographic term.

7  21. Agoda, India is a village in the Indian Himalayas.

8  22. Agoda Koira is a geographic place in Niger.

9  23. Agoda is a geographic place in Indonesia.

10  24. Defendant does not own and cannot rightfully claim exclusive rights to use of the

11     word AGODA, as used in a domain name, trademark or otherwise.  They most

12     certainly cannot claim exclusive rights in *completely different* geographic terms such

13     as Agoba and Ayoda, as expressed in domain names or otherwise.

14         Defendant's Activities That Create a Justiciable Controversy

15  25. Defendant, via its agent CitizenHawk, sent a cease and desist letter to Plaintiff on

16     April 9, 2012 alleging that Plaintiff's registration and use of the Domain Name

17     <Ayoda.com> creates a "likelihood of confusion" with its trademark, and demanding

18     Plaintiff cease use of his property and transfer it to Defendant.  Defendant threatened

19     "all appropriate legal action" if Plaintiff did not comply with its demands.

20  26. On May 8, 2012 Defendant, via its agent, filed a UDRP Complaint with the National

21     Arbitration Forum ("NAF").

22  27. In the UDRP complaint, Defendants allege that the Domain Names are confusingly

23     similar to Defendant's trademark, Plaintiff has no legitimate rights to or interest in

24     the Domain Names and Plaintiff registered and is using the Domain Names in bad

25     faith.

26

Complaint - 6

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

28. In the UDRP complaint, Defendant requests the remedy of transfer of the Domain Names.

29. Plaintiff will request that NAF dismiss or in the alternative, stay its proceedings in lieu of this Court's determination of Plaintiff's rights in the Domain Names.

<u>Defendants' Activities that Create a Claim for Unfair Competition</u>

30. Plaintiff realleges all of the foregoing paragraphs of this Complaint.

31. Defendant's activities towards Plaintiff constitute unfair competition under common law and pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* Defendant's activities are unlawful, unfair and fraudulent; they constitute an illegitimate attempt to obtain Plaintiff's property without just compensation, and an illegitimate attempt to enforce trademark rights far beyond any reasonable interpretation of same. These activities are unlawful, unfair and fraudulent insofar as third parties may believe Defendant's assertions, and Plaintiff's reputation and business is likely to suffer accordingly.

**COUNT I: CLAIM FOR DECLARATORY RELIEF**

32. Plaintiff realleges paragraphs 1-31 of this Complaint.

33. Plaintiff rightfully registered and has used the Domain Names in good faith, and with no knowledge of Defendant's AGODA mark nor intent to sell the Domain Name to Defendant. Plaintiff had no intention of diverting any traffic from Defendant's website, and avers that there is no evidence that such as occurred.

34. In registering the Domain Names, Plaintiff had a legitimate interest in the inherent, geographic and generic value of the Domain Names, consistent with his broader business plan to register many thousands of such names.

35. AGOBA and AYODA are common, generic, geographic terms. Defendant's putative rights in the AGODA mark are far from exclusive; they are extremely weak and narrowly confined to one service category. Defendant has no exclusive right to the use of the term "Agoda" as a trademark or otherwise.

Complaint - 7

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

36. Plaintiff has used the Domain Names as generic geographic identifiers in connection with pay-per-click advertising.  Pay-per-click advertising has been widely recognized as a bona fide use for generic, geographic, descriptive, keyword and/or dictionary words expressed in domain names.

37. Plaintiff believed and had reasonable grounds to believe, based on the market for generic, geographic domain names, as well as prior legal decisions and decisions under the UDRP and the ACPAS, that the registration and use of the Domain Names, as generic geographic terms, was lawful.

38. Defendant's agent has threatened legal proceedings, and has filed an administrative action, contending that Plaintiff used the Domain Names in violation of trademark and unfair competition laws.

39. Defendant's agent filed the UDRP complaint, contending that Plaintiff registered and used the Domain Name in bad faith.

40. The UDRP provides that administrative panel decisions may be stayed, and that subject domain name disputes may be resolved in a court of competent jurisdiction – regardless of the UDRP panelists' findings.  The federal courts have held that such review is to be made *de novo*.

41. A justiciable controversy exists between Plaintiff and Defendant.

42. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that its registration and use of the Domain Names is with the legitimate interest of exploiting their inherent value as generic geographic terms, and constitutes good faith use.

**COUNT II:  CLAIM FOR COMMON LAW UNFAIR COMPETITION**

43. Plaintiff realleges paragraphs 1-42 of this Complaint.

44. Defendant has filed a UDRP complaint and threatened legal proceedings, contending that Plaintiff used the Domain Names in violation of trademark and unfair competition laws.

Complaint - 8

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

45. Defendant's wrongful and baseless accusations of infringement have created a cloud on Plaintiff's title to the Domain Names.

46. As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## COUNT III:  CLAIM FOR UNFAIR COMPETITION
## UNDER CAL. BUS. & PROF. CODE SEC. 17200

47. Plaintiff realleges paragraphs 1-46 of this Complaint.

48. Defendant's wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 of the California Business and Professions Code.

49. As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.  a declaration that Plaintiff is not infringing the trademark rights of Defendant;

b.  a declaration that Plaintiff is not violating unfair competition law;

c.  a declaration that Plaintiff is not violating the ACPA;

d.  a declaration that Plaintiff registered and used the Domain Names in good faith and is the rightful registrant of the Domain Names;

e.  a finding awarding Plaintiff monetary compensation for damages sustained by Defendant's wrongful actions as alleged in this Complaint;

f.  an award of reasonable attorneys' fees and expenses; and,

g.  such other and further relief as the Court may deem just and proper.

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1

## DEMAND FOR JURY TRIAL

2   Plaintiff respectfully requests that all issues in this case be decided by a jury.

3

4   Dated:          May 29, 2012                    RODENBAUGH LAW

5

6                                          By: _Mike Rodenbaugh_

7                                              Mike Rodenbaugh
                                               RODENBAUGH LAW
8                                              584 Market Street
                                               San Francisco, CA  94014
9                                              Tel/fax:  (415) 738-8087

10                                             Attorney for Plaintiff
                                               Stanley Lorin Pace
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Complaint - 10

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STANLEY LORIN PACE, an individual, | AGIP LLC, a Delaware limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rodenbaugh Law, 548 Market St. Box 55819, San Francisco, CA 94104<br>415-738-8087<br>Mike Rodenbaugh | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§2201-02; Lanham Act, 15 U.S.C. §§1051 et seq; Action for Declaratory Judgment of no Trademark Infringement and/or no Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   **SACV12-858 CJC(PLAx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No    ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No    ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Connecticut and Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  Mike Rodenbaugh    Date May 29, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## SACV12- 858 CJC (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501


Failure to file at the proper location will result in your documents being returned to you.

Mike Rodenbaugh
Erin Vivion
RODENBAUGH LAW
548 Market Street, San Francisco, CA  94104
(415) 738-8087

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY LORIN PACE, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>AGIP LLC, a Delaware limited liability company.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12-858 CJC(PLAx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): AGIP, LLC

BY FAX

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Mike Rodenbaugh_____, whose address is _548 Market Street, Box 55819, San Francisco, CA  94104_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FOR OFFICE USE ONLY

Clerk, U.S. District Court

Dated:   **5-30-12**

By: _____
   **NANCY INTERBANO**
   Deputy Clerk

*(Seal of the Court)*

1146

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY